[No. 34326.   Department Two.   February 20, 1958.]

CLINTON R. PERKINS, *Appellant*, v. KING COUNTY *et al.*,
*Respondents.*[1]

*Wright & Wright*, for appellant.

*Charles O. Carroll* and *Charles R. Lonergan, Jr.*, for respondents.

FINLEY, J.—This is an action for refund of eight thousand dollars, which sum, pursuant to RCW 28.45.010, was paid to King county as excise tax on a sale of real estate.

[1] Reported in 321 P. (2d) 903.

The facts are not in dispute. In March, 1955, plaintiff sold the Frye Hotel on contract, paid the excise tax as indicated above, and recorded the real-estate contract in the office of the King county auditor. Thereafter, a dispute arose between seller and purchaser. A lawsuit was started to forfeit the real-estate contract. The parties reached an agreement under which the real-estate contract was rescinded and the lawsuit was settled. Plaintiff's application to the county treasurer for a refund of excise tax was denied. He then initiated this action in the superior court for refund of the tax. A demurrer was sustained, and the action was dismissed. This appeal followed.

RCW 28.45.010 and King County Resolution No. 16360 impose an excise tax on sales of real estate. A sale is defined, in part, as

". . . any conveyance . . . of . . . property . . . and any contract for such conveyance . . . or other contract under which possession of the property is given to the purchaser . . . " RCW 28.45.010.

The constitutionality of the real estate excise tax was questioned and was upheld, as applied in *Mahler v. Tremper*, 40 Wn. (2d) 405, 243 P. (2d) 627.

In the instant case, the appellant urges that rescission of the contract vitiated the sale completely,—in legal effect as though it had never occurred; and that, under the doctrine of *unjust enrichment*, the tax should be refunded by the county. The argument is an ingenious and superficially persuasive one. However, it is indigenous to the field of contract law. There, it is homogeneous, its thesis workable and proper. We are not able to comprehend its applicability in the field of taxation—at least, under the facts of the instant case.

■ The actions of the parties in rescinding the real-estate contract certainly altered their legal relationships and, fictionally, may have vitiated the sale as far as their legal responsibilities were concerned. However, taxwise, their actions did not alter the facts of life: a sale, as defined by RCW 28.45.010, had been consummated, and a so-called taxable event or incident had occurred within the

contemplation of the statute. The tax accrued. It was paid by the real-estate vendor to the proper county official. That should be—and as far as we are concerned it is—the end of the matter, because the legislature made no provision in the tax statute for a refund of the excise imposed and collected under the circumstances involved in the instant case. Whether the statute as written and presently administered should be changed, is a matter of tax policy that must be determined by the legislature, not by the courts.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.